UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quintin M. Littlejohn, | C/A No. 6:07-3560-RBH-WMC |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| State of South Carolina;<br>Director of Cherokee County Detention Center;<br>Director of CCC Justcare, Inc., | |
| Respondents. | |

## *Background of this Case*

The petitioner is a pre-trial detainee who has been committed to the South Carolina Department of Mental Health because he has been found incompetent to stand trial. He has submitted a Section 2241 petition in the case at bar to challenge his pre-trial detention. The habeas corpus petition in the above-captioned case concerns the petitioner's arrest on October 23, 2006, for possession of less than one (1) gram of crack cocaine. A copy of the affidavit and arrest warrant appears as Entry No. 1-3. Also appended to the petition is an incident report (Entry No. 1-4), which indicates that the discovery of the crack cocaine arose out of a traffic stop.

The petitioner raises four (4) grounds in the petition. Those grounds are: *(1)* the incident report states that the illegal drugs were found in the 2001 Camry, but the face of the warrant states that the drugs were found on the possession of the petitioner; *(2)* no

*Miranda* warning[1] was given to the petitioner; *(3)* U.S. Supreme Court Docket No. "89-7445 is a test to prove it was a matter of my Race as to why I was arrested[;]"[2] and *(4)* Case No. 98-CP-11-219 has newly discovered evidence found within one year, and the petitioner has exhausted his state remedies in that case and in the matter relating to I-067270.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[3] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] The petitioner is referring to the Supreme Court's denial of discretionary appellate review concerning the petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, which challenged his two convictions for armed robbery entered in the Court of General Sessions for Cherokee County in 1982. *See Littlejohn v. South Carolina*, 900 F.2d 253 [Table], 1990 U.S.App. LEXIS® 3370, 1990 WESTLAW® 33929 (4th Cir., March 8, 1990), *rehearing denied*, 1990 U.S.App. LEXIS® 5310 (4th Cir., March 30, 1990), *cert. denied*, 497 U.S. 1028 (1990), *rehearing denied*, 498 U.S. 891 (1990). *Littlejohn v. South Carolina* was the appeal arising out of a fully-briefed habeas corpus action in this court: *Quintin Littlejohn v. State of South Carolina*, Civil Action No. 7:86-2961-8K. In Civil Action No. 7:86-2961-8K, the Honorable Sol Blatt, Jr., (then) Chief Judge, on July 1, 1987, granted the respondents' motion for summary judgment.

[3] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[4] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).  The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

In the above-captioned case, it is readily apparent that the petitioner has not exhausted his state court remedies.  Moreover, the petitioner was apprised of his failure to exhaust state court remedies in a pending habeas corpus action, *Quintin M. Littlejohn v. Harold Creciven, Captain at Cherokee County Detention Center*, Civil Action No. 6:07-2177-RBH-WMC.  *See* the undersigned's Report and Recommendation filed in

---

[4]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

*Quintin M. Littlejohn v. Harold Creciven, Captain at Cherokee County Detention Center*, Civil Action No. 6:07-2177-RBH-WMC, on October 30, 2007, which is Entry No. 42 in Civil Action No. 6:07-2177-RBH-WMC.

The undersigned's Report and Recommendation in Civil Action No. 6:07-2177-RBH-WMC is dispositive of the relevant issues in the above-captioned case. The Report and Recommendation in Civil Action No. 6:07-2177-RBH-WMC is quoted herein:

> This habeas corpus action is before the undersigned on the respondent's motion for summary judgment (Entry No. 27), which was filed on October 10, 2007. On the same day, the undersigned apprised the petitioner of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The petitioner filed his response to the motion for summary judgment on October 29, 2007.
>
> The petitioner is currently confined at the Just Care Center operated by the South Carolina Department of Mental Health. At the time the petitioner filed this case, the petitioner was confined at the Cherokee County Detention Center in Gaffney, South Carolina.
>
> The return and memorandum (Entry No. 26-8) from counsel for the respondent reveal that the petitioner has been charged with possession of crack cocaine. The charge arises out of an incident that allegedly took place on October 26, 2006. The petitioner was released on bond. While on bond, the petitioner was taken to the Patrick B. Harris Psychiatric Hospital. While at the Patrick B. Harris Psychiatric Hospital, the petitioner on March 14, 2007, attacked a hospital worker and threatened to kill a fellow patient and a staff member (Entry No. 26-3, at page 4).
>
> After being informed of the events at the Patrick B. Harris Psychiatric Hospital, the Office of the Seventh Circuit Solicitor filed a motion to revoke bond because the petitioner has violated the conditions of his bond and presented a danger to the community. On April 9, 2007, a hearing was held before the Honorable Cordell J. Maddox, South Carolina Circuit Judge. The petitioner was represented by the Cherokee County Public Defender at the hearing. In an order signed on April 10, 2007, but

filed on April 12, 2007, Judge Maddox revoked the petitioner's bond and directed that the petitioner receive a mental evaluation. The order revoking bond appears at Entry No. 26-2.

On June 22, 2007, the Honorable Edward W. Miller, South Carolina Circuit Judge, by order, directed that the petitioner be examined to determine his competency to stand trial pursuant to *State v. Blair*, 275 S.C. 529, 273 S.E.2d 536 (1981), and Section 44-23-410, South Carolina Code of Laws. The South Carolina Department of Mental Health issued its finding on August 22, 2007, and concluded that the petitioner was *not* competent to stand trial because of schizophrenia and disorganized speech, which would preclude him from testifying or conferring with an attorney (Entry No. 26-4).

A formal hearing was held before the Honorable Stephen H. John, South Carolina Circuit Judge, on September 6, 2007. At the hearing, the petitioner was again represented by the Cherokee County Public Defender. The author of the Department of Mental Health Report on the petitioner's competency, Jeffrey E. Musick, Ph.D., testified in person.

In an order (Entry No. 26-5) filed on September 6, 2007, Judge John concluded that the petitioner was not currently competent to stand trial, but the conditions rendering the petitioner incompetent were remediable if treated. Hence, Judge John directed that the petitioner be committed to the South Carolina Department of [M]ental Health for sixty (60) days "in an attempt to help him attain competence."

### *Discussion*

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873); *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema*

*Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).

In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." The *pro se* petitioner also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases as *North Carolina State Ports Authority v. Dart Containerline Company*, 592 F.2d 749, 750-53 (4th Cir. 1979).

With respect to the pending charge of possession of crack cocaine, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); and *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir.), *cert. denied, Matthews v. Moore*, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those

> issues which have been "fairly presented" to the state courts. . . .
>
>> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>>
>> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

*Matthews v. Evatt*, 105 F.3d at 910-911 (citations omitted from quotation).

In any event, it is clear that the petitioner has not exhausted his state court remedies. If the plaintiff is later found competent to stand trial and is subsequently convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws.

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985). In fact, South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See*, *e.g.*, *Staggs v. State*, 372 S.C. 549, 643 S.E.2d 690 (2007) (post-conviction relief granted on grounds of trial counsel's actual conflict of interest from representing members of same family; new trial ordered); *Custodio v. State*, 373 S.C. 4, 644 S.E.2d 36 (2007) (post-conviction relief granted on issue of enforcement of plea agreement); *Morris v. State*, 371 S.C. 278, 639 S.E.2d 53 (2006) (on issue of ineffective assistance of counsel); *Riddle v. Ozmint*, 369 S.C. 39, 631 S.E.2d 70 (2006); *Stevens v. State*, 365 S.C. 309, 617 S.E.2d 366 (2005); and *Vaughn v. State*, 362 S.C. 163, 607 S.E.2d 72, 73-76 (2004).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989). The

United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977). In an application for post-conviction relief, an applicant can raise issues relating to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999); and *Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517, 519-20 (1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel).

Since the petitioner has not been convicted and, hence, has yet to exhaust at least four (4) viable state court remedies — a criminal trial, a direct appeal, an application for post-conviction relief, and an "appeal" (petition for writ of *certiorari*) in the post-conviction case, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

### *Recommendation*

Since state remedies are not exhausted and the petitioner is currently in treatment at the South Carolina Department of Mental Health, it is recommended that the respondent's motion for summary judgment (Entry No. 27) be granted and that this case be dismissed *without prejudice* for failure to exhaust state court remedies. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

The attention of the parties is directed to the important notice on the next page.

(Report and Recommendation in Civil Action No. 6:07-2177-RBH-WMC, at pages 1-7 [two footnotes omitted from quotation]).

In the above-captioned habeas corpus action, this court may take judicial notice of Civil Action No. 6:07-2177-RBH-WMC. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

The above-captioned case is subject to summary dismissal for the same reasons the petition filed in Civil Action No. 6:07-2177-RBH-WMC is subject to dismissal *without prejudice* on the respondent's motion for summary judgment. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296.

## *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondents to file a return*. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

November 2, 2007                                           s/William M. Catoe
Greenville, South Carolina                             United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).